IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-245-BO

| | |
|---|---|
| LA SONDA R. STASINOPOLOUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| L.M. SANDLER & SONS, INC., ) | |
| CHESAPEAKE HOMES OF NORTH ) | |
| CAROLINA, INC., TODAY HOMES ) | |
| REALTY, L.L.C., JOHN BARNES, JIM ) | |
| SWINGLE, and KERRI WOODWARD, ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court on plaintiff's *pro se* motion for reconsideration. [DE 42]. The matter has been fully briefed and is ripe for disposition. For the reasons that follow, plaintiff's motion for reconsideration [DE 42] is DENIED.

BACKGROUND

On January 14, 2019, the Court entered an order permitting plaintiff's counsel to withdraw and directing plaintiff to file a notice of self-representation or cause new counsel to appear within 21 days or risk dismissal of her action. [DE 34]. The February 4 deadline for filing a notice of self-representation came and went. On April 5, the Court entered a show-cause order, directing plaintiff to demonstrate why her action should not be dismissed for failure to file a notice of self-representation. [DE 39]. At that time, the Court explicitly warned plaintiff that failure to respond by April 19 would result in the dismissal of her action. *Id.* Plaintiff failed to timely respond to the Court's order and on April 24, her action was dismissed with prejudice. [DE 42]. On April 29, plaintiff moved for reconsideration, providing an overview of her case and asking the Court to

"force the Defendants to hold their end of the deal up . . . and pay [her] what [she's] due." *Id.* at 7. Defendants have responded in opposition. [DE 44].

## DISCUSSION

Plaintiff's motion for reconsideration must be denied. A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The decision to alter or amend a judgment is committed to the discretion of the district court. The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not previously available; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Plaintiff has not established that she is entitled to the extraordinary remedy authorized by Rule 59(e). She has not established any intervening change in law, the existence of new evidence that was not previously available, or that the Court committed a clear error of law. Plaintiff was given considerable opportunity to comply with the Court's deadlines and failed to do so, despite explicit warnings, and her failure to comply resulted in the dismissal of her action. While *pro se* litigants "are entitled to some deference from courts," they remain "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). The Court committed no clear error of law in dismissing plaintiff's action for failure to comply with its orders. Plaintiff's motion for reconsideration is, therefore, denied.

2

## CONCLUSION

For the reasons discussed above, plaintiff's motion for reconsideration [DE 42] is DENIED.

SO ORDERED, this **30** day of May, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE